ordinance on the subject, one should be properly and regularly passed.

Further, there were a number of special charges requested by the defendant and refused by the court. We are of opinion that the court refused the first special charge properly.

We think that the court should have given the second charge.

We think the third special charge would be better if the word "when" were changed to "if;" the word "when," perhaps not necessarily, but in its reading, seems to imply a little finding of fact by the court.

The fourth and fifth were properly refused; the sixth ought to have been given; so should the seventh and eighth; the ninth was properly refused.

For these reasons the judgment of the court below will be reversed.

*Paxton & Warrington* and *Kittredge & Wilby,* for plaintiff in error.

*Prescott Smith,* contra.

---

## ADMINISTRATOR'S BOND.

[Circuit Court of Cuyahoga County.]

ANNA L. MURPHY v. MARGARET DORSEY, ADMINISTRATRIX.

Decided, December 16, 1901.

*Sureties—Liability of, on Bond of Administrator—For Moneys Received on Policy of Insurance—For the Benefit of Designated Beneficiaries.*

Sureties on the bond of an administrator are not liable for the proceeds of a policy of insurance on the life of the decedent, paid to the administrator "as trustee for the beneficiaries entitled thereto."

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This is a proceeding in error to the court of common pleas of this county.

The parties, plaintiff and defendants here, are respectively as they were in the court of common pleas. The only judgment rendered in that court, as appears by the transcript, was one

in favor of the defendant, Margaret Dorsey, administratrix, etc., and this was entered upon a verdict returned in her favor by direction of the court.

The suit was upon a bond given by the defendant, Kate Murphy, as administratrix of the estate of Dennis E. Murphy, deceased, which was executed by the defendants, James Reilly and one Rosa Ward, as sureties. Since the execution of said bond, said Rosa Ward has deceased, and the defendant Margaret Dorsey is the duly appointed and qualified administratrix *de bonis non* with the will annexed of the estate of said last named decedent in which representative capacity she was made defendant in this original action.

The facts in the case are, that at the time of the death of said Dennis E. Murphy he was a member of a mutual benefit society, which entitled such person as he should designate to the payment of a sum of money by such association, at his death. By his last will he designated this plaintiff as the beneficiary of one-half the amount so to be paid. The entire amount to be paid was $1,485; so that the sum to which this plaintiff was entitled was $742.50.

This last amount was paid to said Kate Murphy by said association while she was engaged in the execution of her trust as administratrix as aforesaid, and she receipted therefor as such administratrix, and has not paid the same or any part thereof to the plaintiff. Thereafter plaintiff brought suit in the court of common pleas of this county against said Kate Murphy, both in her individual capacity and as such administratrix, for the money so received by her from said association; in this action of plaintiff recovered a judgment against said Kate Murphy in both capacities in which she was sued; that judgment is still in full force.

The petition in this action is based upon said judgment, the same having been first duly presented to the defendant, Margaret Dorsey, as administratrix as aforesaid, of the estate of Rosa Ward, deceased, and having been disallowed by her. It is averred by the plaintiff in the petition upon which the judgment hereinbefore mentioned was obtained, that the money obtained by Kate Murphy from the association, "is in her posses-

sion as such administratrix, but not as assets of said estate, but only as trustee for the beneficiaries entitled thereto.''

In the view taken by the court, of the law applicable to the case, no other facts need be considered, and only two questions of law decided.

First. Are the sureties upon the bond given by Kate Murphy as administratrix liable for money in her hands for which she receipted as administratrix, but which was not assets of the estate being administered upon, but held by her ''only as trustee for the beneficiaries entitled thereto?''

Second. Are such sureties so *bound* by the judgment hereinbefore mentioned. that they may not defend here, upon the ground that the obligation assumed by them in the bond did not include any liability for money coming into the hands of the administratrix as this money did?

The condition of the bond executed by these sureties so far as it need be considered here, is in these words:

''The condition. of the above obligation is such, that if the above named Kate Murphy, administratrix with the will annexed of all and singular the goods, chattels, rights and credits which were of Dennis E. Murphy, deceased,    *    *    *    shall administer, according to law, all the moneys, goods, chattels, rights and credits of the deceased, and the proceeds of all the real estate that may be sold for the payment of decedent's debts, which shall at any time come to her possession, or the possession of any other person for her.

''Third. Shall render, upon oath, a just and true account of her administration within eighteen months, and at other times when required by the court or the law.    *    *    *

''Fourth. Shall pay any balance remaining in her hands upon the settlement of her accounts to such persons as said court or the law shall direct,    *    *    *    then this obligation shall be void, otherwise it shall remain in full force and value in law.''

Unless the administratrix failed to comply with one or more of these conditions, the obligation was null and void. She was bound to administer according to law, all the property of the deceased, which came to her hands or any other person for her, all such property would be assets of the estate. She was bound to render upon oath a just and true account of her administration, that is, of what was done by her with these assets.

She was bound to pay over to the proper parties any balance of the avails of such assets remaining in her hands upon the settlement of her accounts.

Unless the administratrix has failed in some one of the above-named things which she was bound to do, it is difficult to see how any action could originally have been maintained upon this bond.

The money which she received from the benefit society was not assets of the decedent's estate; this is averred in distinct terms in the petition upon which the judgment sued upon in this action was obtained.

It follows that no judgment rendered in that action could have made this money assets of such estate; and it further follows that unless the sureties upon the bond of the administratrix can be held for the wrong-doing of the administratrix in connection with some property *not* assets of the estate, they can not be held in this action.

Looking to the language of the bond, we find nothing for which the sureties became responsible except for the proper administration and distribution of the decedent's estate, and if these sureties may rely upon the general principle that the obligation of the surety is not to be extended beyond the plain terms of his undertaking, then these sureties can not be held.

In *Gregg* v. *Currier*, 36 N. H., 200, it is said:

"The rule applicable to official bonds in general, that the sureties are liable only for the official acts and defaults of the principal and for funds in his hands in his official capacity, applies also to administrators' and executors' bonds."

In *Wattles* v. *Hyde*, 9 Conn., 10, it is held:

"So the principal himself is liable on his bond only for official acts and defaults. Hence as respects any remedy for his misconduct by a proceeding on his bond, his liability and that of his sureties are co-extensive."

In *Hobbs* v. *Middleton*, 1 J. J. Marsh, 178, the same proposition is asserted.

In a note in *Commonwealth* v. *Stub*, 51 Am. Dec., 515, 519, this language is used:

"This is, no doubt, the general rule, but it does not follow that there can always be a recovery on the bond against the sureties whenever there can be a recovery against the principal, for although as respects the act or default which constitutes the cause of action, their liability may be the same, he may, in certain cases, be estopped by some act or admission from making a defense which is open to them."

*Givens, Matter of,* 34 N. J. Eq., 191. In this case an administrator was ordered to sell certain real estate of the deceased. He did sell, in addition to that ordered to be sold, another tract of land; and it was held that his sureties were not liable for the avails of the sale of the parcel not ordered to be sold. This language is used in the opinion at page 192:

"It is clear that the administrator and his sureties are bound to answer only for the administration of the proceeds of the sale of land sold by the former pursuant to the order of the orphans' court."

In *Pace* v. *Pace,* 19 Fla., 438, paragraph 6 of the syllabus reads:

"The sureties upon the bond of an administrator who has collected money neither assets of the estate nor subject to distribution by him, and to which as the legal representative of the decedent he was not entitled, are not liable for any appropriation or use of the same by the administrator for his personal benefit."

In this case, money was paid to an administrator upon a life insurance policy held by the decedent.

Under a statute of the state of Florida the money to be paid upon this policy was not liable for the payment of the debts of the decedent. And the court say, in reference to the policy, that—

"Under this statute and under this policy, unquestionably upon the death of the assured, no creditors had a right to participate in the proceeds of this policy. It enured exclusively to the benefit of his child surviving him, the plaintiff in this case, and even if the contract was with the assured, and his executors, administrators and assigns (as to which the bill is silent), the administrator would not hold it as general assets in his hands liable to the payment of debts, or to distribution according to

the laws of the domicile of the intestate. He would hold it as trustee, coupled with the single duty of payment.''

On page 453, the court further say:

''With this construction of the policy, the necessary result is that upon the death of the assured, the child became entitled to its proceeds, had title thereto, and that the administrator, the legal representative, had no title, and was in no way entitled to the possession or control thereof.

''The infant, therefore, does not here claim as heir or distributee. His claim is like that which a stranger would make if he were the beneficiary. The necessary result of this is, that the sureties of the administrator are not responsible for the management of this fund for Pace. The fact that he did, as administrator, receipt for the property of the child, can not bind his sureties.''

From these and many other authorities we hold that the sureties upon the bond of Kate Murphy, as the administratrix of the estate of Dennis E. Murphy, were not liable for the moneys received from the benefit association.

As to the other question, of whether by reason of the judgment obtained against Kate Murphy as administratrix, these sureties are estopped, we hold in the negative.

It is true that, in the absence of fraud, the settlement made by the probate court of administrators, guardians and the like, binds the sureties; yet they are so bound because those accounts show the balance of assets remaining in the hands of the trustee for distribution; but, in this case, the judgment itself, which is the foundation of the present action, was upon a petition showing that the money was not assets of the decedent's estate. The judgment, therefore, as has already been said, in that case, was not a finding that this money was assets. There has been then, no finding that there were assets in the hands of Kate Murphy as such administratrix which she has failed to pay over. That being true, there is no breach of the condition of her bond.

The judgment of the court of common pleas is affirmed.

*White, Johnson, McCaslin & Cannon,* for plaintiff in error.

*F. A. Beecher* and *J. P. Dawley,* for defendants in error.